NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STANFORD WALL,

Defendant - Appellant.

No. 23-1677

D.C. No.
3:22-cr-01376-GPC-1

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued & Submitted November 7, 2024
Pasadena, California

Before: CALLAHAN, WALLACH**, and DE ALBA, Circuit Judges.

Defendant-Appellant Stanford Wall appeals his conviction of importing

methamphetamine into the United States from Mexico in violation of 21 U.S.C.

§§ 952 and 960. The parties are familiar with the complete facts, and we

summarize them only as necessary herein. We have jurisdiction pursuant to 28

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Evan J. Wallach, United States Circuit Judge for the
Federal Circuit, sitting by designation.

U.S.C. § 1291. We affirm the conviction.

Mr. Wall was arrested shortly after midnight on June 5, 2022, after Customs and Border Patrol Officers discovered 23 packages (approximately 20 kilograms) of methamphetamine hidden in the spare tire mounted to the undercarriage of Mr. Wall's vehicle. The sole issue for trial was whether Mr. Wall knew that he was transporting drugs.

Before trial, the defense moved to exclude expert testimony from Homeland Security Investigations Special Agent Jamisha Johnson regarding the value of the drugs found in the tire under Federal Rule of Evidence 403. The district court granted the motion in part, limiting Agent Johnson's testimony to the wholesale value of the drugs. At trial, Agent Johnson testified only as to her qualifications for expert designation and the approximate wholesale value of the drugs, which she calculated to be between $41,578.75 and $98,890.

Mr. Wall also sought to cross-examine Agent Johnson about drug traffickers' known use of "blind mules" or "unknowing couriers"—individuals that traffickers use or trick to unknowingly transport drugs into the United States. The defense proposed a single question: "And you are aware that drug-trafficking organizations have used unknowing couriers in this district?" The prosecution responded that if the court allowed the proposed cross-examination, they would elicit follow-up testimony that Mr. Wall's case does not resemble known cases

involving blind mules. The district court acknowledged that blind mules exist, but excluded the proposed-cross examination under Rule 403, holding that raising the issue for the first time on cross-examination had "a likelihood of confusing the issues [and] creating a mini trial on the side." The court later clarified that its ruling precluded the defense from asking "any witness, government or otherwise," about the existence of blind mules while also allowing Mr. Wall to raise the issue later as trial unfolded. However, the defense did not raise the blind mule cross-examination again until its post-trial Rule 33 motion, which the court also denied because the "idea of blind mules and drug value are not sufficiently related to permit" cross-examination and because it was "just so general" and too dissimilar from Mr. Wall's case.

On appeal, Mr. Wall challenges his conviction on three grounds. First, he argues the district court failed to conduct the proper Rule 403 balancing test and improperly admitted Agent Johnson's drug value testimony. Second, he argues that precluding his proposed cross-examination about blind mules violated the Confrontation Clause of the Sixth Amendment. Last, Mr. Wall argues the prosecutor committed misconduct by raising "facts not in evidence" during closing arguments. We address each of Mr. Wall's challenges in turn.

1.      Rule 403 permits the exclusion of "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the

issues, [or] misleading the jury." Fed. R. Evid. 403. Mr. Wall contends that the district court did not perform the necessary Rule 403 balancing analysis, evidenced by the fact that there is "no mention in the record of Rule 403." But district courts "need not mechanically recite Rule 403's requirements before admitting evidence." *United States v. Ono*, 918 F.2d 1462, 1465 (9th Cir. 1990) (citations omitted). If it is "clear from the record that the court implicitly made the necessary finding," we review for abuse of discretion. *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992) (citations omitted); *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996) (citations omitted).

Such is the case here, and we find no abuse of discretion. The district court acknowledged that the drug value testimony is only relevant as circumstantial evidence of Mr. Wall's knowledge of the drugs. The record is clear that the district court considered Mr. Wall's arguments of undue prejudice, weighed it against the probative value, and limited Agent Johnson's testimony to wholesale drug value only while specifically prohibiting her from testifying about how likely traffickers are to use blind mules. Mr. Wall contends that the existence of blind mules necessarily diminished the probative nature of the drug value testimony. But in this case, the testimony retained its probative value as circumstantial evidence of knowledge and as a basis for the prosecution to argue that it was not likely someone would put drugs of that value in Mr. Wall's car without his knowledge

given their inability to track or predict his movements.

2.      The Sixth Amendment protects the right of the accused "to be confronted with the witnesses against him" in all criminal cases, which includes the right to cross-examination. U.S. Const. amend. VI; *Davis v. Alaska*, 415 U.S. 308, 315 (1974). A Confrontation Clause violation occurs if the defendant was "prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness." *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986). We, like the Supreme Court, have "emphasized the policy favoring expansive witness cross-examination in criminal trials." *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007) (en banc) (quotation marks omitted) (citing cases). However, while the Confrontation Clause "guarantees an *opportunity* for effective cross-examination," it does not require courts to allow "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Van Arsdall*, 475 U.S. at 679. Trial courts "retain wide latitude . . . to impose reasonable limits on [] cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues . . . or [marginally relevant] interrogation." *Larson*, 495 F.3d at 1101 (quoting *Van Arsdall*, 475 U.S. at 679). And this court has stated that "[a] limitation on cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant, *and denies the jury*

*sufficient information to appraise the biases and motivations of the witness*." *Id.* at 1103 (quoting *United States v. Holler*, 411 F.3d 1061, 1065 (9th Cir. 2005) (emphasis added) (internal quotation marks omitted)); *accord. United States v. Urena*, 659 F.3d 903, 907–08 (9th Cir. 2011).

We review de novo a "Confrontation Clause challenge based on the exclusion of an area of inquiry." *Larson*, 495 F.3d at 1101 (clarifying the standard of review). We consider three factors to determine if a Confrontation Clause violation occurred: (1) whether the excluded evidence was relevant; (2) whether there were other legitimate interests outweighing the defendant's interest in presenting the evidence; and (3) whether the exclusion of evidence left the jury with sufficient information to assess the witness's credibility. *Id.* at 1103 (cleaned up) (quoting *United States v. Beardslee*, 197 F.3d 378, 383 (9th Cir. 1999)).

It appears undisputed that the blind mule inquiry is relevant to Mr. Wall's case in the sense that it tends to make it more probable that he did not know about the drugs. *See* Fed. R. Evid. 401; *United States v. James*, 139 F.3d 709, 713 (9th Cir. 1998) (analyzing the relevance prong under Rule 401 standards). Mr. Wall's knowledge was the only issue for trial, and knowledge is an element of the crime. *See* 21 U.S.C. § 960(a). We conclude that the first factor tips in Mr. Wall's favor.

The second factor is close, but tips slightly in favor of the Government. We begin by "considering the probative value of the evidence." *Larson*, 495 F.3d at

1104 (citation omitted). The mere fact that drug traffickers use blind mules is only marginally probative of Mr. Wall's knowledge in this case. Mr. Wall's proposed question, "And you are aware that drug-trafficking organizations have used [blind mules] in this district," says nothing about Mr. Wall's circumstances or his trip to Mexico on June 4, 2022. Moreover, even if the defense had asked its single question on cross-examination, the jury would have then immediately heard how Mr. Wall does not match the known characteristics of blind mules on re-direct examination. Therefore, while the district court somewhat overestimated the risk of jury confusion, a "mini-trial," or a prolonged discussion about blind mules, the risk still outweighed Mr. Wall's minimal interest in the proposed cross-examination on the facts of this case.

The third factor weighs decisively against Mr. Wall. Agent Johnson testified only to her qualifications and the approximate wholesale value of the drugs found in the spare tire. Cross-examining her about drug traffickers' use of blind mules simply has nothing to do with her credibility or any "prototypical form of bias" that the Confrontation Clause ensures an opportunity to present. *Van Arsdall*, 475 U.S. at 679. Mr. Wall is correct that the existence of blind mules attacks the underlying *purpose* and the *implication* of knowledge that drug value testimony brings in importation cases, but he fails to explain how it has anything to do with Agent Johnson's reliability or credibility in this case such that he has a

constitutional right to cross-examination about blind mules.

Mr. Wall does not cite any case finding a Confrontation Clause violation where there was no limitation on the defendant's ability to ask questions regarding the witness's credibility. We have also declined to find a Confrontation Clause violation where, as here, a defendant is permitted to cross-examine a witness on issues testified to on direct, as well as on matters of bias and motivation. *See Urena*, 659 F.3d at 907–08.

We therefore find no Confrontation Clause violation under the circumstances of this case.

3. Finally, we address Mr. Wall's claim of prosecutorial misconduct. Our case law is split on whether the de novo or abuse of discretion review standards apply. *See United States v. Velazquez*, 1 F.4th 1132, 1136–37 (9th Cir. 2021). We need not decide the issue, however, as Mr. Wall's claim fails under either standard. The "relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181–82 (1986) (citation omitted).

Mr. Wall challenges the following statements made during closing argument, specifically in rebuttal:

> [Prosecutor:] And agent Fitch fairly characterized, "I didn't see evidence of drug trafficking on his phone." But as she also said, phone calls don't say, "drug-trafficking phone call." Phone calls to say [*sic*], "Hey, I am here. Hey the car is there" –

[Defense Attorney]: Objection. Facts not in evidence.

The Court: Ultimately, the jury, as the trier of fact, determines what the facts are. You recall the evidence, and the objection is overruled. You may proceed.

[Prosecutor]: I will word that differently. Phone records showing a call took place do not say whether that call was related to drug trafficking. So records of phone calls, on their own, are what -- wouldn't show anything to Agent Fitch, so don't read too much into that.

Mr. Wall maintains that the statements about the cell phone records improperly refer to "facts not in evidence." The record does not support Mr. Wall's characterization of the prosecutor's statements. Prosecutors may base their closing argument on evidence submitted at trial and may "suggest that the jury draw reasonable inferences from the evidence presented at trial." *United States v. Flores*, 802 F.3d 1028, 1035 (9th Cir. 2015); *see also United States v. Hermanek*, 289 F.3d 1076, 1100–01 (9th Cir. 2002); *United States v. Cabrera*, 201 F.3d 1243, 1250 (9th Cir. 2000). That is all the prosecutor did here. The prosecutor closely paraphrased Agent Fitch's actual testimony that she did not find evidence of drug trafficking in the cell phone records, but also that those records alone do not show the content of calls or indicate that any calls are about drug trafficking. We find no misconduct.

Mr. Wall's conviction under 21 U.S.C. §§ 952 and 960 is **AFFIRMED**.